OPINION
This appeal is brought by Appellant Michael W. Stuber from the judgment of the Court of Common Pleas, Allen County, finding him guilty on one count of driving under suspended license, a violation of R.C.4507.02(B)(1).
The record reflects that on April 17, 2001, Appellant was operating a motor vehicle in the public parking lot of Lima Allen Council on Community Affairs at 540 South Central Avenue in Lima, Ohio when he struck a parked vehicle. Appellant initially stopped to inspect the damage, but thereafter left the scene of the accident. A witness identified Appellant to police who, after an investigation, discovered that Appellant's driver's license was under a financial responsibility suspension. Appellant was charged with one count of failing to stop after an accident in violation of R.C. 4549.021 and one count of driving under suspended license, a violation of R.C. 4507.02(B)(1).
On February 1, 2002, Appellant moved to dismiss the charges and alleged that R.C. 4507.02(B)(1) was unconstitutional because it violated his freedom of travel and the right of free exercise of religion. Appellant further argued that his license was erroneously suspended in 1989. The court overruled the motion and thereafter the Appellant entered a plea of No Contest on the charge of driving under suspended license. The state dropped the failing to stop charge in exchange for this plea. The court accepted Appellant's plea and found him guilty of driving under a suspended license. Appellant was fined and sentenced to ten days incarceration, which was then credited for time served. It is from this order that Appellant now appeals.
Appellant asserts the following assignments of error:
 "Ohio Revised Code 4507.02(B)(1) unconstitutionally violates Appellant's fundamental right of freedom of travel.
 "The trial court erred when finding Appellant guilty of driving under suspension, a violation of Ohio Revised Code 4507.02(B)(1), on the basis that Appellant's operators license was suspended erroneously in 1989 by the Lima Municipal Court."
This appeal presents two assignments of error challenging Appellant's conviction for operating a motor vehicle under a suspended license in violation of R.C. 4507.02(B)(1). First Appellant asserts that R.C.4507.02(B)(1) violates his fundamental right of the freedom to travel. Second, Appellant alleges that his operator's license was suspended erroneously in 1989 by the Lima Municipal Court. For the following reasons, we overrule both assignments of error and affirm the decision of the trial court.
The right to intrastate travel is a fundamental right held by each citizen and cannot be deprived without the due process of law. State v.Burnett (2001), 93 Ohio St.3d 419, 428, 2001-Ohio-1581, 755 N.E.2d 857; citing Kent v. Dulles (1958), 357 U.S. 116, 125, 78 S.Ct. 1113, 1118,2 L.Ed.2d 1204, 1210. However, driving is a privilege in Ohio and not a right. Doyle v. Ohio Bur. of Motor Vehicles (1990), 51 Ohio St.3d 46,51, 554 N.E.2d 97. Accordingly, the state can regulate the exercise of the privilege by enacting laws. State v. Jarzembski (July 19, 1996), Fulton App. No. F-95-018, citing State v. Yoder (June 7, 1995), Fulton App. No. F-94-020.
R.C. 4507.02(B)(1) provides:
 "No person, whose driver's or commercial driver's license or permit or nonresident's operating privilege has been suspended or revoked pursuant to Chapter 4509 of the Revised Code, shall operate any motor vehicle within this state, or knowingly permit any motor vehicle owned by the person to be operated by another person in the state, during the period of the suspension or revocation, except as specifically authorized by Chapter 4509 of the Revised Code. No person shall operate a motor vehicle within this state, or knowingly permit any motor vehicle owned by the person to be operated by another person in the state, during the period in which the person is required by Section 4509.45 of the Revised Code to file and maintain proof of financial responsibility for a violation of Section 4509.101 of the Revised Code, unless proof of financial responsibility is maintained with respect to that vehicle."
Appellant does not allege that he has a fundamental right to drive, but instead that he has a fundamental right to travel. Driving a motor vehicle on a public roadway is only one form of travel. R.C. 4507.02(B)(1) does not prevent Appellant from engaging in interstate or intrastate travel by walking, running, taking a bus, a train, a bicycle or an airplane. Appellant is free to go anywhere he wishes. He is merely restricted to do so by utilizing forms of travel in which he is not the driver of a motor vehicle. Accordingly, R.C. 4507.02(B)(1) does not violate Appellant's fundamental right to travel and therefore the first assignment of error is overruled.
In his second assignment of error, Appellant argues that the trial court should not find him guilty because his license was erroneously suspended in the first place. However, the record reflects that Appellant plead no contest to one count of driving under a suspended license. Consequently, Appellant accepted the facts in the State's complaint as true. Crim.R.11(B)(2). The State's complaint states that Appellant was driving a vehicle under a financial responsibility suspension, thereby establishing the only element required to prove a violation of R.C. 4507.02(B)(1).
Furthermore, Appellant does not dispute that he was driving under a suspended license. Rather, Appellant argues that his driver's license was erroneously suspended in 1989. Any argument with respect to the merits of a thirteen-year-old driver's license suspension is untimely and therefore it is an argument this court will not consider. Accordingly, Appellant's second assignment of error is overruled.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Allen County be, and hereby is, affirmed.
Judgment Affirmed.
SHAW, P.J., and WALTERS, J., concur.